UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORTH MOTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:10-CV-1317 (CEJ) |
| ) | |
| KENT KNUDSEN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this action to the Circuit Court of the County of St. Charles, Missouri from which it was removed. Defendant opposes remand and the issues have been fully briefed.

I.     Background

Plaintiff North Motors, doing business as Pappas Toyota-Scion, sold two vehicles to Defendant Kent Knudsen. Defendant filed a demand for individual and class claims in arbitration pursuant to the arbitration agreement that was entered into between the parties in connection with the vehicle sales. Defendant sought damages based on allegation that plaintiff charged an "administrative fee" in violation of Mo. Rev. Stat. §§ 484.010 and 407.020 et seq.

Plaintiff brought this action to vacate the arbitration award construing the parties' arbitration agreement to allow for class arbitration. Defendant removed the action to this Court, asserting that his Danish citizenship renders the arbitration award "non-domestic" and that this Court has jurisdiction pursuant to 9 U.S.C. § 201 et seq.[1]

---

[1] Section 2 of the Federal Arbitration Act (FAA), 9 U.S.C. § 201 et seq., implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly referred to as the "New York Convention").

and 28 U.S.C. § 1331. An amended case management order was entered September 2, 2010, stating that this action would proceed under the same timetable as a motion pursuant to 9 U.S.C. § 6. (Doc. #10). The Order established a deadline of September 15, 2010 for plaintiff to file its motion to vacate the arbitration award and supporting memorandum. Id.

On September 15, 2010, instead of filing a motion to vacate the arbitration award, plaintiff filed this motion for remand. Plaintiff argues that defendant's basis for removal, his alleged Danish citizenship, is insufficient to invoke federal jurisdiction under Section 2 of the FAA, 9 U.S.C. § 201 et seq. Plaintiff claims that the award it seeks to vacate is domestic in nature, that §§ 201-208 do not apply, and that this Court lacks subject matter jurisdiction. In support of this claim, plaintiff states: (1) plaintiff is a Missouri corporation; (2) defendant resided in Missouri when he entered into and sought to enforce the arbitration agreement; (3) defendant continues to reside in the United States (North Carolina); (4) that the arbitration was conducted in Missouri and applied Missouri law; and (5) enforcement of the award has been sought in Missouri. Defendant claims, however, that his Danish citizenship alone is sufficient to invoke jurisdiction under 9 U.S.C. § 202.

II.     **Legal Standard**

Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper federal district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re

Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied. Id.; Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

In determining whether removal was proper, the district court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). Usually, the basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). But matters removed pursuant to Chapter 2 of the FAA are an exception to the "well pleaded complaint rule." Vaden v. Discover Bank, 129 S.Ct. 1262, 1271 n.9 (2009). "The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205.

III. Discussion

### Subject Matter Jurisdiction

Generally, the FAA does not provide an independent basis for federal jurisdiction. See Vaden, 129 S.Ct. 1262. The exception to this rule is Chapter 2 of the FAA, which "expressly grant[s] federal courts jurisdiction to hear actions seeking to enforce and agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ["New York Convention"]." Id. at 1271 n.9.

Article I of the New York Convention provides two bases for determining whether an award falls under the Convention. See Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517. First, "[t]his

Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought." Id. Second, the Convention "shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." Id. It is undisputed that the award plaintiff seeks to vacate was rendered in Missouri. As such, defendant must satisfy the second test in order to invoke federal jurisdiction. Id.

Because plaintiff seeks recognition or enforcement in the United States, defendant must show that the award or agreement at issue is considered non-domestic under United States law. Congress, in implementing the New York Convention, specified that

> [a]n agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202. While this language clearly sets forth a class of agreements that is exempt from the New York Convention, it does not provide an inclusive definition of agreements to which the New York Convention applies. Neither the Supreme Court nor the Eighth Circuit has addressed whether the presence of a foreign national as a party to an arbitration agreement is sufficient to render an award non-domestic under this section. See Jacada (Europe), Ltd. v. International Marketing Strategies, Inc., 401 F.3d 701, 708 (6th Cir. 2005) (noting the circuits that have addressed this issue); See also Murphy Oil USA, Inc. v. SR Intern. Business Ins. Co., Ltd., No. C07-06132 MHP, 2007 WL 2752366 (W.D. Ark. 2007) (applying a similar test and citing to Second

Circuit precedent). However, other circuits addressing the issue have interpreted Section 202 as providing an exclusive list of criteria that render an agreement or award domestic. See Jacada (Europe), 401 F.3d at 708 (6th Cir. 2005) (noting that the First, Second, Seventh and Eleventh circuits have employed a similar test). Under this expansive interpretation, Section 202 defines a non-domestic agreement or award as "any commercial arbitral agreement, unless it is between two United States citizens, involves property located in the United States, and has no reasonable relationship with one or more foreign states." Id. at 708 (quoting Jain v. de Mere, 51 F.3d 686, 689 (7th Cir.1995)).

Initially, the Court acknowledges that a literal application of Section 202, as interpreted by these other circuits and urged by defendant, could render the award here non-domestic based solely upon defendant's foreign citizenship. See Jacada (Europe), 401 F.3d at 708. But the Court can find no authority, mandatory or otherwise, that has held that an arbitration agreement of the sort involved here qualifies as non-domestic under Section 202. Fortunately, the Court need not reach the issue of whether to apply the Sixth and Seventh Circuits' interpretation of Section 202 under these novel circumstances, because in determining defendant's "citizenship" under Section 202, the Court believes that the analysis applied in the context of 28 U.S.C. § 1332 applies here and prevents defendant from invoking federal jurisdiction. 9 U.S.C. § 202.

The parties have not addressed the proper test for establishing citizenship under Section 202 and the Court was unable to find any prior case law discussing this issue. However, Chapter 2 of the FAA provides for incorporation of the rules that apply in the in the application of other jurisdictional statutes. Specifically, Section 205 of the FAA

states that, in actions falling under the New York Convention, "[t]he procedure for removal of causes otherwise provided by law shall apply." 9 U.S.C. § 205. From this general incorporation of removal rules, Congress specifically abrogated the well pleaded complaint rule, complete diversity requirement, amount in controversy requirement, and corporate citizenship test. See 9 U.S.C. §§ 202-205. But the citizenship of an individual is not addressed, so the Court will look to an analogous jurisdictional statute for guidance. 28 U.S.C. § 1332(a) states that "[f]or the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). This test is consistent with Section 202 of the FAA, which states that "a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention." 9 U.S.C. § 202. Again, it is the defendant's citizenship status under § 1332(a), not his Danish citizenship, that will render an award non-domestic.

The parties do not dispute that defendant resided in Missouri at the time he entered into the agreement and that he currently resides in North Carolina. In the notice of removal and in an affidavit, defendant states that he is a Danish citizen. However, the notice provides no information as to the defendant's immigration status. Although plaintiff has raised the question of whether defendant holds dual citizenship or whether he is a permanent resident alien, defendant has not responded. Because defendant bears the burden of establishing jurisdiction, he cannot okremain silent on a factual issue (*i.e.*, his immigration status) that is essential to meeting that burden. See In re Business Men's Assurance Co. of America, 992 F.2d at 183 (removing party bears burden of establishing jurisdiction; any doubts about the propriety of removal

must be resolved in favor of remand). The Court concludes that this case must be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court of the County of St. Charles, Missouri from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2011.